On Motion for Rehearing
POLEN, J.
Appellant, Bryce Rutherford, has filed a motion for rehearing, rehearing en banc and in the alternative, a motion to certify her appeal as a question of great public importance. On June 21, 2006, this court issued a per curiam affirmance of the trial court’s decision finding Rutherford guilty of perjury by false declaration. We deny Rutherford’s motions for rehearing and certification, but replace the previously entered per curiam affirmance with a written opinion.
Rutherford filed a bar complaint accusing her former employer, an attorney, of forging his signature for that of a court-appointed guardian, John Boden, on a Motion for Attorney’s Fees. Boden was the guardian for the estate of Marion P. Towne. Boden retained Rutherford’s employer as the attorney for matters relating to the guardianship. Rutherford asserted that Boden’s signature found on the form did not appear to be the same signature found elsewhere in the document, and on other documents. The complaint stated, in relevant part: “I know for a fact that John Boden, the court-appointed guardian in the Guardianship of Marion P. Towne ... DID NOT SIGN the attached petition ... rather [the attorney] forged John Boden’s signature on this petition.... I kept [the page] when I saw that [the attorney] forged John Boden’s signature to the Petition attached ...” (emphasis added). Rutherford worked as the attorney’s assistant, preparing proceedings and documents for him. Rutherford prepared the document in which she alleged that her employer had forged Boden’s signature. After Rutherford prepared the document, she turned it in to her employer, unsigned. *329 The next time she saw the document, it had the signature of the attorney and Bo-den on it. Rutherford was suspicious of the abnormally short time in which the document was purportedly signed by Bo-den, as it would normally take a few days for the document to be sent to Boden’s office and be returned to the Rutherford’s employer. Rutherford did not approach her employer or Boden about her suspicions before filing the complaint detailed above.
The State filed criminal perjury charges against Rutherford. At trial, testimony was presented to explain the short amount of time that elapsed between the document’s preparation and Boden’s signing of the document. This testimony unequivocally showed that Boden’s signature had not been forged. However, Rutherford made a motion for judgment of acquittal, asserting that the State had failed to prove that she knowingly made the false statements, as several of the State’s witnesses had admitted that the signatures on the document appeared to be different from one another. The trial court denied the motion and found Rutherford guilty of perjury.
A motion for judgment of acquittal challenges the legal sufficiency of the evidence. Denial of a motion for judgment of acquittal is reviewed by the de novo standard. If there is competent substantial evidence to support the jury’s verdict, the trial court’s denial of the motion will not be disturbed on appeal. In reviewing the trial court’s denial of the motion for judgment of acquittal, the appellate court must follow the well settled principle that a defendant, in moving for a judgment of acquittal, admits all facts adduced in evidence, and the court draws every conclusion favorable to the state which is fairly and reasonably inferable from that evidence.
Sapp v. State, 913 So.2d 1220, 1223 (Fla. 4th DCA 2005). Section 92.525(3), Florida Statutes, states in relevant part: “A person who knowingly makes a false declaration under subsection (2) is guilty of the crime of perjury by false written declaration, a felony of the third degree.... ” § 92.525(3), Fla. Stat. (2004).
In this case, Rutherford’s complaint stated that “I know for a fact that John Boden ... did not sign the attached petition ... rather [the attorney] forged John Boden’s signature on this petition.” (Emphasis added.) While Rutherford testified at trial that she believed that the signature was a forgery, the bar complaint stated that she knew for a fact that Boden did not sign the petition, not that it was to the best of her knowledge or that it was her belief that the signature was forged. Further, Rutherford’s testimony established that she did not know whether Boden had signed that petition or not, as she never contacted Boden to confirm her suspicions. While Rutherford may have believed that the signature was a forgery, she did not know for a fact that it was a forgery, and that is exactly what the complaint stated.[1] While this may appear to be trifling with semantics, we find that Rutherford knew *330 that she did not know for a fact that the signature was forged.[2] Therefore, we find that there was competent and substantial evidence to uphold the trial court’s determination that Rutherford was guilty of perjury.
STONE and FARMER, JJ., concur.

. We certainly hope that our decision today will not deter others who believe they have a basis to report suspected unethical attorney conduct to the Florida Bar. The importance of having a safe, effective mechanism for the Bar to investigate such complaints, and for complainants to report their suspicions without fear of reprisal, cannot be overstated. This process must be balanced, however, against the desirability of attorneys being able to perform their services without fear of unwarranted complaints brought by former clients or disgruntled employees. Unfortunately for appellant, as we explain above, this case hinges on her choice of words: "I know for a fact ...” (which she did not), versus "I believe” or "I suspect.”

. In appellant’s pro se motion for rehearing, etc., she alludes to her years of experience working in the Palm Beach County legal community. While this fact may be dehors the record, and certainly has no bearing on our decision, if in fact she has the experience, she must surely know the impact of her choice of words in making her Bar complaint.